# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MANUEL RODEIRO,
and others similarly situated,

        Plaintiffs,                CASE NO. _____

v.

MIAMI HERALD MEDIA COMPANY,
a foreign corporation,

        Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, MIAMI HERALD MEDIA COMPANY ("the Herald"), through its attorneys, Bryant Miller Olive, P.A., removes this civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where it is currently pending as *Manuel Rodeiro and others similarly situated v. Miami Herald Media Company,* Case No. 19-028681 CA 01, to the United States District Court for the Southern District of Florida, Miami Division, under 28 U.S.C. §§ 1441 and 1446.

1.      The plaintiff brought this action against the Herald, his former employer, alleging violation of the U.S. Fair Labor Standards Act ("FLSA").

2.      The plaintiff's complaint contains a single count, titled "Unpaid Overtime Wages."

3.      The defendant first received a copy of the summons and the complaint on October 8, 2019, when service of process was effected.  Under 28 U.S.C. § 1446(b), this notice of removal is timely because it is being filed within 30 days from that date.

4.    Copies of all documents served on the defendant in the state court action to date are attached to this notice of removal as Exhibit 1.  The Complaint, summons, and civil cover sheet, notice of service of Plaintiff's interrogatories and first set of interrogatories, first requests for production, and first request for admission were the documents filed in the state court action.

5.    Venue is proper in the Miami Division of the United States District Court for the Southern District of Florida because it is the federal judicial district and division embracing the place where state court action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

6.    Removal of this action is authorized by 28 U.S.C. § 1441(a), which provides for removal of civil actions over which the United States District Courts have original jurisdiction.

7.    This Court has original jurisdiction over the federal claims brought under the FLSA pursuant to its federal question jurisdiction under 28 U.S.C. § 1331.

8.    A notice of filing of this notice of removal (together with a copy of this notice of removal) will be filed in the state court action and served on the plaintiff on the same date as this notice of removal.

Respectfully submitted on October 28, 2019.

**BRYANT MILLER OLIVE P.A.**
One S.E. Third Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Telephone)
(305) 374-0895 (Facsimile)

/s/David C. Miller
David C. Miller
Florida Bar No. 147427
dmiller@bmolaw.com
Denise M. Heekin
Florida Bar No. 892998
dheekin@bmolaw.com
Ranjiv Sondhi
Florida Bar No. 105581
rsondhi@bmolaw.com
*Counsel for the Herald*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document has been filed on the e-portal and sent via email to Eddy O. Marban, Esquire, The Law Offices of Eddy O. Marban, 2655 S. LeJeune Road, Suite 804, Coral Gables, Florida  33134, em@eddymarbanlaw.com, this 28th of October, 2019.

/s/David C. Miller
David C. Miller

# EXHIBIT 1

Filing # 96402796 E-Filed 09/27/2019 11:24:30 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT COURT DIVISION

CASE NO.

MANUEL RODEIRO, and others similarly-
situated,

       Plaintiffs,

v.

MIAMI HERALD MEDIA COMPANY, a
foreign corporation,

       Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, MANUEL RODEIRO, by and through his undersigned attorney, and hereby sues Defendant, MIAMI HERALD MEDIA COMPANY (referred to as the "Employer"), and alleges:

### VENUE

1.     All facts giving rise to this cause of action, took place in Miami-Dade County, Florida.

2.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.     At all times material hereto, Defendant was doing business in Miami-Dade County, Florida.

## JURISDICTIONAL ALLEGATIONS

4.      This is an action to recover money damages for unpaid overtime wages. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("FLSA").

5.      Plaintiff seeks damages in excess of $15,000.00 and this action is therefore within the jurisdiction of this Court.

6.      Defendant, MIAMI HERALD MEDIA COMPANY is a foreign corporation, which at all times material hereto, was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

7.      This action is brought by Plaintiff to recover from the employer claims for unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

8.      The Employer was and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtained and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer were at all times material

hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce; otherwise satisfy the FLSA's requirements.

9.    By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

## PLAINTIFF'S EMPLOYMENT

10.    Plaintiff was employed by Defendant as a digital editor translator. Plaintiff worked for Defendant from approximately October 30, 2017 through January 14, 2019. To the best of his recollection, Plaintiff started earning $42,500.00, then $45,000.00 and then was increased to $48,000.00 per year, as an eligible non-exempt employee.[1] Pursuant to the employment agreement, Defendant intended for the salary to compensate Plaintiff for the first 40 hours worked during the week. During his employment, Plaintiff on the average worked well in excess of 40 hours per week, but was not paid overtime wages as required by the FLSA. On limited occasions, Defendant underpaid a minimal amount of overtime hours to feign compliance with the FLSA. However, Plaintiff was not paid time-and-a-half his regular hourly-rate for the all hours worked in excess of the 40 hours per week as required by the FLSA.

## COUNT I
## UNPAID OVERTIME WAGES

11.    Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

---

[1] At this time, Plaintiff has no time and payroll records. Plaintiff's hours varied week by week, therefore, we estimate his damages and reserve the right to amend the calculations. The calculations herein are but an estimate. The amount of his overtime wage damages will fluctuate once calculations are made week by week based on the time and payroll records. See *Anderson v. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192-93 (1946).

12.     Plaintiff worked for Defendant from approximately October 30, 2017 through January 14, 2019. To the best of his recollection, Plaintiff started earning $42,500.00, then $45,000.00 and then was increased to $48,000.00 per year. Defendant failed to pay Plaintiff time-and-one-half his regular rate for the hours he worked in excess of forty (40) as required by the FLSA. Plaintiff reserves the right to amend his estimated hours once he reviews Defendant's records.

13.     Plaintiff worked in excess of forty (40) hours per week and was not paid time-and-one-half wages. Plaintiff requires obtaining the necessary records and information to determine the amount of overtime wages owed in this cause. Plaintiff is entitled to be paid overtime wages at a rate of time-and-one-half the regular rate as required by the Fair Labor Standards Act.

14.     The similarly-situated current and former employees are all those other employees who worked for Defendant and who were subjected to the same policies in that they were not paid the overtime rate required by the FLSA.

15.     At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant had knowledge of Plaintiff's work schedule and the amount of hours he worked. Defendant failed to keep accurate time records. Defendant had knowledge that Plaintiff worked over 40 hours

4

weekly. Defendant knew or should have known the hours over 40 weekly were required to be paid at a rate of time-and-one-half. No valid reason exists for the denial of paying overtime wages.

17.   Defendant willfully and intentionally failed to pay Plaintiff the required overtime rate because it knew that Plaintiff was working hours in excess of forty per workweek and made the conscious decision not to pay Plaintiff overtime wages.

18.   Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury of all issues friable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (786) 309-9978
E-mail: em@eddymarbanlaw.com

By: s/Edilberto O. Marban
      EDDY O. MARBAN, ESQ.
      Fl. Bar No. 435960

5

Filing # 96568612 E-Filed

PLEASE USE TAB OR MOUSE

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | 19-028681 CA 01 |

| PLAINTIFF(S)<br><br>MANUEL RODEIRO, and others similarly-sitauted, | VS.  DEFENDANT(S)<br><br>MIAMI HERALD MEDIA COMPANY, a foreign corporation, | SERVICE<br><br>INITIALS_____ ID#_____<br>DATE_____ TIME_____ |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): MIAMI HERALD MEDIA COMPANY,

c/o C t Corporation System, Registered Agent

1200 South Pine Island Rd.

Plantation, Florida 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Eddy O. Marban, Esq.

whose address is: 2655 S. LeJeune Raod, Suite 804

Coral Gables, Florida 33134

within 20 days * <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."</u> after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiffs attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____ DEPUTY CLERK | 2019-028681-CA-01<br><br>DATE |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT     SAVE     RESET

CLK/CT. 314 Rev. 01/11

Clerk's web address: www.miami-dadeclerk.com

Filing # 96402796 E-Filed 09/27/2019 11:24:30 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Manuel Rodeiro</u>
Plaintiff

vs.

<u>Miami Herald Media Company</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>1</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Edilberto O Marban</u>        FL Bar No.: <u>435960</u>
   Attorney or party                                          (Bar number, if attorney)

<u>Edilberto O Marban    09/27/2019</u>
   (Type or print name)                              Date

Filing # 96764596 E-Filed 10/04/2019 01:02:44 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 19-028681 CA 01

MANUEL RODEIRO, and others
similarly-situated,

    Plaintiffs,

vs.

MIAMI     HERALD     MEDIA
COMPANY, a foreign corporation,

    Defendant.

_____/

### <u>NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES<br>TO DEFENDANT MIAMI HERALD MEDIA COMPANY</u>

NOTICE IS HEREBY GIVEN that Plaintiff, MANUEL RODEIRO, by and through his

undersigned counsel, pursuant to Rule 1.340 and the other applicable Rules of Florida Rules of

Civil Procedure, has served Interrogatories together with the Summons and Complaint on

Defendant, MIAMI HERALD MEDIA COMPANY.

I HEREBY CERTIFY that the foregoing was served on Defendant together with the

Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (786) 309-9978
E-mail: em@eddymarbanlaw.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

## INTERROGATORIES TO DEFENDANT

1.      What is the name, address, social security number and date of birth of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      Identify each and every document including electronically stored information or pertinent insurance agreements pertaining to or relevant to any facts alleged in the pleadings in this action (as defined in Rule of Civil Procedure 1.100).

3.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, the Complaint, Amended Complaints, Answer or Answers and Affirmative Defenses, as well as amendments thereto, including any individual who you know has made any statement or remark concerning any issue in this lawsuit, and specify the subject matter about which the witness has knowledge, and including any witnesses who may provide adverse testimony against Defendant(s).

4.      State the name, address, and phone number of the Defendant's accountant(s) for the relevant time period stated in the Complaint as well as the name and position of the individual in charge of the Defendant's payroll.

2

5.   State the dates when Plaintiff began working or was engaged to work, as well as the dates when Plaintiff stopped working for Defendant as either an employee or independent contractor. State why Plaintiff ceased working for Defendant. Include in your response the person(s) involved in hiring and/or termination of Plaintiff's employment, as well as the person(s) with knowledge as to why Plaintiff ceased to be employed or engaged by Defendant.

6.   Specify the nature of the initial employment agreement with Plaintiff, including, but not limited to the payment of wages or remuneration, the amount of hours that Plaintiff was required to work, Plaintiff's expected start time for each shift, Plaintiff's expected end time for each shift, and what days of the week Plaintiff was required to work. Identify any witnesses present in the discussion(s), their last-known telephone number, and address.

   a.   If the initial employment agreement was ever modified, explain when the changes took place and what changes took place (i.e., were Plaintiff's wages increased or decreased, was he given bonuses, etc.). Include in your response the number of hours that Plaintiff *actually* worked in each workweek if they varied from the initial employment agreement. If Plaintiff's hours varied from week to week, by season, or by other time periods, identify the periods in which there are variances and explain how the hours varied.

7.   State whether Plaintiff was required to work more than forty (40) hours per week, either as an employee or as an independent contractor.

8.   Set forth the number of hours that Plaintiff *actually* worked in each workweek, as either an employee or independent contractor, and include the start time for each shift, the end time for each shift, and the day of the week. If his hours varied from week to week, by season, or by other time periods, identify the periods in which there are variances and explain how the hours varied.

9.      Please state the total amount of wages that you paid Plaintiff in each workweek and how the amount of wages were determined (i.e., salary basis, hourly, or by any other means). Include the regular hourly-rate paid to Plaintiff and the overtime hourly-rate (if any) paid to Plaintiff.

10.     State the length and frequency of any breaks you allege the Plaintiff took, including, but not limited to meal breaks, rest breaks, time off or vacation time. For any meal or rest breaks identified, state whether he was required to log out of any time-keeping system before taking the break, and log in to any time-keeping system after taking the break. For any break or time off, state whether the Defendant contends it is not compensable under the Fair Labor Standards Act.

11.     State whether Defendant ever discussed with Plaintiff the subject of overtime wage compensation. If your answer is in the affirmative, please state the nature of any such discussions as well as the dates on which such discussions took place and the name, address and telephone number of the individual(s) who spoke with Plaintiff. If your answer is in the negative, please state why you did not discuss overtime wage compensation.

12.     State whether the Defendant or anyone on behalf of Defendant kept track of the hours worked by Plaintiff. If the answer is in the affirmative, identify and describe the time-keeping system or method of recording time, the individual(s) and/or custodian(s) responsible for maintaining the time records and identify what records were maintained by the Defendant.

13.     If Defendant contends that it acted in good faith in connection with its obligation to comply with the Fair Labor Standards Act, please set forth all facts that support the contention that any FLSA violations, if any were committed in good faith.

14.     If Defendant claims that the Fair Labor Standards Act violations alleged, if any, were not committed intentionally or with reckless disregard for the law, please set forth all facts in support of Defendant's allegations that the alleged violations were not intentional or committed with reckless disregard for the law.

15.     State the facts upon which you rely for each Affirmative Defense asserted, or which you will set forth, in your Answer.

16.     Please identify, describe and list all equipment, goods and materials owned and used by Defendant in its business from October 2017 through January 2019. For any such items, state the name of the vendor, person or entity from which such goods, materials or equipment was acquired; the date when they were acquired; identify the place of manufacture, place of processing and/or place of bottling identified on the label for item; specify the method of paying for these items, whether by check, credit card, or cash; and for equipment, specify the type, brand name and serial number.

17.     State the name, address and telephone number for each and every credit card company/entity which Defendant accepts, uses, is authorized to use, and/or is under contract, agreement or understanding with for purposes of accepting credit card payments at the business. State the reference number used by the credit card company to identify the Defendant corporation.

MIAMI HERALD MEDIA COMPANY

By: _____

Print Name: _____

Title: _____

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF _____    )

The foregoing instrument was acknowledged before me this _____ day of _____, 2019, by MIAMI HERALD MEDIA COMPANY, who is the [Title]_____ of _____, who is personally known to me or who has produced _____ as identification and who did take an oath.

_____
NOTARY PUBLIC
State of Florida at Large

(SEAL)

6

Filing # 96764596 E-Filed 10/04/2019 01:02:44 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 19-028681 CA 01

MANUEL RODEIRO, and others similarly-situated,

      Plaintiff,

vs.

MIAMI HERALD MEDIA COMPANY, a foreign corporation,

      Defendant.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff, MANUEL RODEIRO, by and through his undersigned counsel, pursuant to Rule 1.350 and other applicable rules of the Florida Rules of Civil Procedure, requires Defendant, MIAMI HERALD MEDIA COMPANY to produce the following:

1.    All receipts for all payments made to Plaintiff by Defendant during Plaintiff's entire employment term with Defendant. Include all pay stubs from all paychecks.

2.    All contracts/documents of employment relating to Plaintiff's employment with Defendant.

3.    All time sheets for all weeks worked by Plaintiff for Defendant beginning with Plaintiff's commencement of employment with Defendant until such time as Plaintiff's employment ceased. Include all documents pertaining to hours worked by Plaintiff for Defendant.

4.    All documents, records, electronic data that pertain and relate to Plaintiff's employment and/or termination of employment.

5.     A list of all employees with names, phone numbers, and addresses that Defendant has employed for the period that Plaintiff was employed with Defendant.

6.     All employee income-reporting documents submitted by Defendant to the Internal Revenue Service, including UCT-6, regarding Plaintiff for the period that Plaintiff worked for Defendant, as stated in the Complaint.

7.     Any and all documents identified in Defendant's response to Plaintiff's First Set of Interrogatories to Defendant filed simultaneously herewith.

8.     Any and all wage claims and/or wage hour complaints filed by any of Defendant's former or current employees and/or independent contractors for alleged violations of Federal and/or State Wage Hours Statutes.

9.     Any and all documents which depict, embody, or otherwise reflect Defendant's policies, practices, and procedures related to its payment of overtime wage compensation during the relevant time period.

10.     Any and all documents which depict, embody, or otherwise reflect Defendant's policies, practices, and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation paid to employees and/or independent contractors during the relevant time period.

11.     Any and all time cards, time and attendance sheets, and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment with Defendant.

12.     All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by Defendant during the relevant time period.

2

13.     Any and all documents submitted by the Defendant to the United States Department of Labor or the Florida Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of Defendant's wage hour practices during the relevant time period.

14.     Any and all documents received from the Florida Department of Labor, Fair Labor Standards Division, regarding the agency's investigation and/or audit of Defendant's wage hour practices during the relevant time period.

15.     Any and all employee handbooks, personnel policies or other documents which embody or otherwise reflect Defendant's employment policies, practices, and procedures in effect during the period of Plaintiff's employment, including any amendments or modifications thereto.

16.     The complete personnel file of Plaintiff and any or all other documents related to Plaintiff's employment by Defendant.

17.     The complete personnel file of each and every person who held a supervisory position at Defendant's facility during the relevant time period.

18.     Any and all time cards, time and attendance sheets, and other documents which indicate or reflect the hours of the supervisors employed at Defendant's corporation during the relevant time period.

19.     All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than Plaintiff who worked and/or were associated as an independent contractor at Defendant's restaurant during the relevant time period.

20.     The complete personnel files of each and every employee and/or independent contractor who during the relevant time period filed a complaint with the Federal or State Department of Labor alleging wage hour violations on the part of Defendant.

3

21.     The complete personnel files of each and every employee and/or independent contractor who, during the relevant time period, filed a complaint with any Court of competent jurisdiction alleging wage hour violations on the part of Defendant.

22.     The complete personnel file of each and every employee and/or independent contractor terminated by Defendant during the relevant time period preceding the filing of the Complaint in this action.

23.     Any and all job descriptions, specifications, or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his employment with Defendant.

24.     Any and all documents in which Defendant intends to rely at trial to support its Affirmative Defenses set forth in its Answer to this Complaint.

25.     Any and all written statements of actual potential witnesses taken by or on behalf of Defendant in this action.

26.     Any and all documents which support Defendant's position that it was not obligated to pay overtime wages to Plaintiff.

27.     Any and all documents relied upon in order to determine the reasonable cost of benefits or meals, which Defendant contends was provided to Plaintiff, for the relevant time period preceding the filing of the Complaint.

28.     The financial statements, including, balance sheets and tax returns for the corporate Defendant during the relevant time period.

29.     The contract/agreements with Visa and MasterCard, or any other credit card company for the relevant time period preceding the filing of the Complaint.

4

30.     Any and all other documents which contain time entries for when Plaintiff was working.

31.     All e-mails reflecting work schedule for Plaintiff for the relevant time period preceding the filing of the Complaint.

32.     Any all documents that evidence the method of calculation of overtime pay.

33.     Any and all documents that reflect deductions to Plaintiff's hourly wage.

34.     Any and all documents which evidence who supervised or directed Plaintiff's work.

35.     Any documents which evidence who had the power to hire and/or fire employees and/or independent contractors for the relevant time period preceding the filing of the Complaint.

36.     Any and all agreements, invoices, evidence of payment to Defendant for the relevant time period preceding the filing of the Complaint.

37.     Any and all documents which reflect the type of work performed by Plaintiff for Defendant for the relevant time period preceding the filing of the Complaint.

38.     Any and all documents which evidence payment to Plaintiff from Defendant.

39.     Any time records or documents of any kind evidencing the hours worked by Plaintiff for the relevant time period preceding the filing of the Complaint.

40.     Any and all documents which evidence who had the power to hire and/or fire employees and/or independent contractors, including Plaintiff during his employment.

41.     Any and all documents which evidence who had the power to determine or modify Plaintiff's conditions of employment for the relevant time period preceding the filing of the Complaint.

42.     Any and all contract/agreements with Visa, MasterCard, or any other credit card company for the relevant time period preceding the filing of the Complaint.

43.   Any and all correspondence, electronic transmissions, statements, or documents of any kind, reflecting charges to Defendant, from Visa, MasterCard, or any other credit card used for the relevant time period preceding the filing of the Complaint.[1]

44.   Any and all documents, canceled checks, or electronic transmissions evidencing payments to Visa, MasterCard or any other credit card company for the relevant time period preceding the filing of the Complaint.

45.   Any and all bank statements for the corporate Defendant, reflecting deposits from and charges by Visa and MasterCard, or any other credit card company for the relevant time period preceding the filing of the Complaint.

46.   Any and all telephone bills or long distance telephone bills for the corporate Defendant, reflecting long distance calls for the relevant time period preceding the filing of the Complaint.

47.   Any and all contracts, invoices, statements, or documents of any kind reflecting the purchase or acquisition of any and all goods, materials, supplies, merchandise, equipment used by Defendant.

48.   Any and all canceled checks, credit card statements, or documents of any kind evidencing payment for the purchase or acquisition of any of the items referenced in paragraph 47.

49.   Any and all invoices, statements, or billings of any kind, received from the vendors for the purchase or acquisition of goods or materials used by Plaintiff, including documents which evidence the particular goods and/or materials which were acquired by Defendant.

---

[1] For all requests made for the relevant time period preceding the filing of the Complaint, Plaintiff will agree to accept a representative sample, after being allowed to inspect such documents.

50.   Any and all canceled checks for the corporate Defendant, for the relevant time period preceding the filing of the Complaint.

51.   Any and all bank statements for the corporate Defendant, evidencing deposits for the relevant time period preceding the filing of the Complaint.

52.   Any and all deposit slips/books reflecting all deposits made by the corporate Defendant, for the relevant time period preceding the filing of the Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant with the Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (786) 309-9978
E-mail: em@eddymarbanlaw.com

By: *s/Edilberto O. Marban*
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960

7

Filing # 96764596 E-Filed 10/04/2019 01:02:44 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 19-028681 CA 01

MANUEL RODEIRO, and others similarly-situated,

      Plaintiff,

vs.

MIAMI HERALD MEDIA COMPANY, a foreign corporation,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, MANUEL RODEIRO, by and through his undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby requests that Defendant, MIAMI HERALD MEDIA COMPANY, make the following admissions:

1.    Admit that the Fair Labor Standards Act applies to your business for the time Plaintiff worked for you in 2017-2019.

2.    Admit or deny that the Fair Labor Standards Act applies to Plaintiff's work while he worked for you for the years 2017-2019.

3.    Admit that in each year from 2017 through 2019, Defendant used "materials," products or items of any kind that originated from states or countries outside of Florida.

    a.    Admit that such "materials," products or items of any kind were handled, sold or otherwise worked on a regular and recurring basis by two or more of Defendant's employees in each year from 2017 through 2019.

4.      Admit that in each year from 2017 through 2019, Defendant used "goods," products or items of any kind that originated from states or countries outside of Florida.

a.      Admit that such "goods," products or items of any kind were handled, sold or otherwise worked on a regular and recurring basis by two or more of Defendant's employees in each year from 2017 through 2019.

5.      Admit that in each year from 2017 through 2019, Defendant used "goods" or "materials," products or items of any kind that had moved in interstate commerce.

a.      Admit that such "goods" or "materials," products or items of any kind were handled, sold or otherwise worked on a regular basis by two or more of Defendant's employees in each year from 2017 through 2019.

6..     Admit that in each year from 2017 through 2019, Defendant directly purchased "goods" or "materials," products or items of any kind from vendors outside the State of Florida.

a.      Admit that for each year from 2017 through 2019, such "goods" or "materials," products or items of any kind purchased from vendors outside of Florida were handled, sold or otherwise worked on a regular basis by two or more of Defendant's employees.

7.      Admit that Defendant indirectly purchased "goods" or "materials," products or items of any kind from vendors outside the State of Florida.

8.      Admit that for each year from 2017 through 2019, such "goods" or "materials," products or items of any kind purchased from vendors outside of Florida were handled, sold or otherwise worked on a regular and recurring basis by two or more of Defendant's employees.

9.      Admit or deny that for the year 2017, Defendant had gross revenues in excess of $500,000.00 per year.

2

10.   Admit or deny that for the year 2018, Defendant had gross revenues in excess of $500,000.00 per year.

11.   Admit or deny that for the year 2018, Defendant had gross revenues in excess of $500,000.00 per year.

12.   Admit that Defendant and/or its employees worked on, worked with, and/or handled products, goods or materials, which were sold to entities outside of the State of Florida, for the relevant time period preceding the filing of the Complaint.

13.   Admit that you owe Plaintiff at least some amount of overtime wages for work performed during his employment with Defendant.

14.   Admit that you never paid Plaintiff overtime wages during Plaintiff's entire employment period with you for the time period as stated in the Complaint.

15.   Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff's entire employment period with you for the time period as stated in the Complaint.

I HEREBY CERTIFY that the foregoing Request was served on Defendant together with the Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (786) 309-9978
E-mail: em@eddymarbanlaw.com

By: s/Edilberto O. Marban
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

3